■ In the Matter of the Claim of STANLEY J. LACHOWICZ, Respondent, v. ALBANY MEDICAL CENTER HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— REYNOLDS, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board finding that claimant contracted tuberculosis as an occupational disease while engaged as a machinist's helper in the maintenance department of the employer. The

sole issue raised on the instant appeal is whether there is substantial evidence in the record to support the board's determination that claimant contracted pulmonary tuberculosis as a result of his exposure to tubercular bacilli on contaminated equipment while employed by the employer hospital. Unquestionably, tuberculosis contracted by a hospital worker from a diseased patient or contaminated equipment is a compensable occupational disease (e.g., *Matter of Lyden* v. *United Hosp.*, 275 App. Div. 877, mot. for lv. to app. den. 300 N. Y. 761). However, there must, of course, be proof of exposure to tuberculosis to sustain a finding of causal relationship (*Matter of Williams* v. *Buffalo Gen. Hosp.*, 28 A D 2d 777). Here, while there is no evidence that claimant came into actual close contact with a specific patient who was diagnosed as suffering from tuberculosis, there is evidence that in the course of the performance of his duties he worked in the contagious and tuberculosis wards where patients with active tuberculosis were treated, that on several occasions he was required to make adjustments or repairs to hospital beds in these wards, at which time he came into close proximity to the patients, and that he often repaired equipment used in the contagious and tuberculosis wards, particularly, suction machines used to drain the lungs of patients with tuberculosis. Concededly, there is testimony that the equipment used in the contagious wards was invariably sterilized before being delivered to maintenance personnel for repairs but the board could accept claimant's assertions that the said suction machines were often " dirty " and thus infer that the hospital procedures were not invariably followed. Moreover, while there is a conflict of medical opinion as to whether claimant could and did in fact contract the disease as a result of exposure to contaminated equipment, there is substantial medical evidence of causal relationship. In our opinion the instant record contains sufficient evidence to support the board's determination and it must, therefore, be affirmed (*Matter of Holmes* v. *Beth El Hosp.*, 286 App. Div. 1055, mot. for lv. to app. den. 309 N. Y. 1032). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Reynolds, J.